USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|31|09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S.A. FAMOUS ORIGINAL RAY'S
LICENSING CORP.,

                         Plaintiff,

      -against-

TISI'S PIZZA AND PASTA INC., et al.,

                       Defendants.
------------------------------------------------------------X

09 Civ. 5517 (RMB) (AJP)

**ORDER**

I.    **Background**

On October 6, 2009, this Court entered a default judgment ("October 6, 2009 Judgment") against Tisi's Pizza and Pasta Inc. ("Defendant") for failing to participate in an action brought, on or about June 16, 2009, by U.S.A. Famous Original Ray's Licensing Corp. ("Plaintiff") for trademark infringement. (October 6, 2009 Judgment ¶¶ 1, 3.) The Court permanently enjoined Defendant from "[u]sing [Plaintiff's] family of registered trademarks" and awarded "monetary relief to be determined at an inquest" by United States Magistrate Judge Andrew J. Peck. (October 6, 2009 Judgment ¶¶ 1, 3.) On December 1, 2009, Judge Peck issued a thorough report and recommendation, recommending, among other things, that the Court should award Plaintiff $78,000 in damages, $7,782 in attorneys fees and $633.63 in costs. (Report & Recommendation, dated Dec. 1, 2009 ("Report"), at 2.)

The Report advised that, "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ['Fed. R. Civ. P.'], the parties have fourteen (14) days from service of this Report to file written objections" and "[f]ailure to file objections will result in a

waiver of those objections for purposes of appeal." (Report at 19); see Thomas v. Arn, 474 U.S. 140, 145, 155 (1985). To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Court adopts the Report's recommendations.**

## II.     Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas, 474 U.S. at 149. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## III.    Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Peck concluded that Defendant's profits are the proper measure of Plaintiff's damages because, "by virtue of [Defendant's] default, [Defendant] is deemed to be a willful infringer" and to have conceded Plaintiff's allegations of injury and willful infringement. (Report at 8); see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Design Solange Ltd. v. Lane Bryant, Inc., No. 99-7805, 2000 WL 232139, *1 (2d Cir. Feb. 3, 2000); Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc., No. 03 Civ. 2132, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006).

Judge Peck also concluded that Plaintiff's proposed "method of calculating [profits] . . . [is] reasonable and appropriate." (Report at 9); see GAKM Res. LLC v. Jaylyn Sales Inc., No. 08 Civ. 6030, 2009 WL 2150891, at *6 (S.D.N.Y. Jul. 20, 2009); see also Louis Vuitton S.A. v. Spencer Handbags Corp., 765 F.2d 966, 973 (2d Cir. 1985). Judge Peck also determined that Plaintiff should not be awarded trebled damages because Plaintiff "ha[d] not presented any evidence that . . . [Defendant's] profits . . . is inadequate." (Report at 11.)[1]

Judge Peck also concluded that "[t]he allegations in the complaint, along with [D]efendant's default, are sufficient to justify the award of attorney's fees to [P]laintiff." (Report at 11); see Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 221 (2d Cir. 2003); Greyhound Exhibitgroup, Inc., 973 F.2d at 158; Kenneth Jay Lane, Inc., 2006 WL 728407, at *6.

And, Judge Peck concluded that Plaintiff is entitled to recover costs because Plaintiff sought "routine costs awarded to prevailing parties in trademark . . . actions." (Report at 18); see Phillp Morris USA Inc. v. A & V Minimarket, Inc., 592 F. Supp. 2d 669, 675 (S.D.N.Y. 2009).

### IV. Conclusion and Order

For the reasons set forth therein and herein, the Court adopts the Report in its entirety. Judgment is entered in favor of Plaintiff and against Defendant for $78,000 in damages, $7,782 in attorney's fees, and $633.63 in costs, for a total of $86,415.63. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
December 31, 2009

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.

---

1   While having no effect on Judge Peck's recommendation, the Court notes that the United States Court of Appeals for the Second Circuit has held that 15 U.S.C. § 1117(a) permits a court, in its discretion, to "treble[] the defendant's profits." Deering, Milliken & Co. v. Gilbert, 269 F.2d 191, 194 (2d Cir. 1959); but see Nutting v. RAM S.W. Inc., 69 F. App'x 454, 458 (Fed. Cir. 2003).